# KAYE SCHOLER LLP

Melissa C. Giordano
212 836-7634
Fax 212 836-6641
mgiordano@kayescholer.com
425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

April 25, 2006

Mr. Michael Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
One Columbus Circle, N.E.
Room G-255, N. Lobby
Washington, DC 20002-8004

Re: ***In re Viagra Prods. Liab. Litig.* (MDL Docket No. 1724)-Tag Along Notice**

Dear Mr. Beck:

In compliance with the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, defendant Pfizer Inc. notifies the Clerk of the Panel of the potential tag-along action identified in the attached chart.

Copies of the transferor court docket sheet and complaint are attached for your convenience. Please contact me if you have any questions or require any additional information. Thank you for your assistance.

Respectfully submitted,

*Melissa Giordano*

Melissa C. Giordano

Enclosures

cc:    Attached Service List (w/o enclosures)

31258809.WPD

**TAG ALONG NOTICE**

| Case Caption | Transferor Court Docket No. | Court | Plaintiff's Counsel |
|---|---|---|---|
| Phillip Cassara and Marilyn Lance Cassara v. Pfizer Inc. | 105-cv-2460 | United States District Court, District of Columbia | Michelle A. Parfitt Ashcraft & Gerel, LLP 2000 L Street Suite 400 Washington, D.C. 20036 |

31258809.WPD

## CERTIFICATE OF SERVICE

I, Melissa C. Giordano, hereby certify that I caused the foregoing document to be served

on the 25th day of April, 2006, by overnight courier, postage prepaid, on all other parties

identified in the service list below.

*Melissa Giordano*

Melissa C. Giordano

Michelle A. Parfitt
Ashcraft & Gerel, LLP
2000 L Street
Suite 400
Washington, D.C. 20036
**ATTORNEYS FOR PLAINTIFFS PHILLIP CASSARA AND MARILYN LANCE
CASSARA**

Richard J. Arsenault
Neblett, Beard & Arsenault
P.O. Box 1190
2220 Bonaventure Court
Alexandria, LA 71309-1190
**ATTORNEY FOR PLAINTIFF ARTHUR SOKOL**

Daniel E. Becnel, Jr.
P.O. Drawer H
106 West Seventh Street
Reserve, LA 70084
**ATTORNEY FOR PLAINTIFF JAMES THOMPSON
ATTORNEY FOR PLAINTIFF JAMES SWINDELL**

Ronnie G. Penton
209 Hoppen Place
Bogalusa, Louisiana 70427
**ATTORNEY FOR PLAINTIFF JAMES SWINDELL**

Miles T. Bradshaw
3803 DeWalt Way
Missouri City, Texas 77459
**ATTORNEY FOR PLAINTIFF JAMES SWINDELL**

Josh Brockman
Littlepage Booth
408 Westheimer Street
Houston, Texas 77006
**ATTORNEY FOR PLAINTIFF DAVID HALL**
**ATTORNEY FOR PLAINTIFF CHARLES SANSONE**
**ATTORNEY FOR PLAINTIFF JIMMY GRANT**

Ronald S. Goldser
Zimmerman Reed PLLP
651 Nocollett Mall
Suite 501
Minneapolis, MN 55402-4123
**ATTORNEY FOR PLAINTIFF ROBERT CAMPEN**

Barry G. Reed
Zimmerman Reed PLLP
14646 Kierland Blvd.
Suite 145
Scottsdale, AZ 85254
**ATTORNEY FOR PLAINTIFF WILLIAM DOUGHERTY**

Tom Dutton
Pittman, Hooks, Dutton, Kirby & Hellums, P.C.
2001 Park Place Tower
Birmingham, Alabama 35203
**ATTORNEY FOR PLAINTIFF HENNING PROELSS**

Aaron C. Johnson
Summers & Johnson P.C.
717 Thomas Street
Weston, Missouri 64098
**ATTORNEY FOR PLAINTIFF JOHNNY R. GAST**

William F. Sasser
Justin G. Wilkin
Neil D. Overholtz
Aylstock, Witkin & Sasser PLC
4400 Bayou Blvd. Suite 58
Pensacola, Florida 32503
**ATTORNEY FOR PLAINTIFF JOHNNY R. GAST**

Clerk of the Court
United States District Court
for the District of Columbia

1225 E. Barrett Prettyman
United States Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001

JURY, TYPE-B

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:05-cv-02460-JDB

CASSARA et al v. PFIZER, INC.                     Date Filed: 12/23/2005
Assigned to: Judge John D. Bates                  Jury Demand: Plaintiff
Demand: $40,000,000                               Nature of Suit: 360 P.I.: Other
Cause: 28:1332 Diversity-Product Liability        Jurisdiction: Diversity

**Plaintiff**

**PHILLIP CASSARA**              represented by    **Michelle A. Parfitt**
                                                  ASHCRAFT & GEREL
                                                  2000 L Street
                                                  Suite 400
                                                  Washington, DC 20036
                                                  (202) 783-6400
                                                  Fax: (202) 416-6392
                                                  Email: mparf@aol.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

**Plaintiff**

**MARILYN LANCE CASSARA**        represented by    **Michelle A. Parfitt**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**PFIZER, INC.**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 12/23/2005 | 1 | COMPLAINT against PFIZER, INC. (Filing fee $ 250) filed by PHILLIP CASSARA, MARILYN LANCE CASSARA.(tg, ) (Entered: 12/28/2005) |
| 12/23/2005 |   | Summons (1) Issued as to PFIZER, INC. (tg, ) (Entered: 12/28/2005) |
| 04/24/2006 | 2 | ORDER directing plaintiffs to file by 5/15/2006 proof of service or a written explanation as to why service of process has not been completed in accordance with Rule 4(m). If plaintiffs fail to comply with this Order or if the Court determines plaintiffs have not shown good cause for failure to complete service, this case will be dismissed without prejudice. Signed by Judge John D. Bates on 4/24/2006. (lcjdb2) (Entered: 04/24/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/25/2006 14:51:25 | | | |
| **PACER Login:** | ks0009 | **Client Code:** | 4753601124143 |
| **Description:** | Docket Report | **Search Criteria:** | 1:05-cv-02460-JDB |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**PHILLIP CASSARA** AND
**MARILYN LANCE CASSARA,**
**husband and wife,**

                **PLAINTIFFS,**

V.

**PFIZER, INC.**                                )
**c/o CT Corporation System**                   )
**1015 15th Street, N.W., Suite 1000**          )
**Washington, DC 20005**                        )
               **DEFENDANT.**     )

CASE NUMBER   1:05CV02460

JUDGE: John D. Bates

DECK TYPE: Personal Injury/Malpractice

DATE STAMP: 12/23/2005

### COMPLAINT

COME NOW PLAINTIFFS Phillip Cassara and Marilyn Lance Cassara, by and through

counsel, and file this Complaint seeking judgement against Defendant Pfizer, Inc., and in support

thereof state as follows:

### PARTIES

1.    Plaintiffs herein are persons of full age of majority and residents of Carroll County,

Maryland.  Plaintiff Phillip Cassara ingested the Defendant's drug Viagra on or about

April 6, 2003.  Following his ingestion of Viagra, Mr. Cassara was treated for vision

problems and diagnosed with NAION at Georgetown University Hospital, in the District

of Columbia on or about April 10, 2003.  Subsequently, Mr. Cassara stayed overnight at

his daughter's residence in the District of Columbia prior to being seen by a neuro-

ophthalmologist in the District of Columbia on April 11, 2003, who confirmed the

diagnosis of NAION.  He has received continuing treatment for serious and permanent

LAW OFFICES
ACRAFT & GEREL, LLP
SUITE 400
2000   STREET, N.W
WASHINGTON, D.C. 20036
—————
2  2-783-6400
FAX  202-416-6392
—————
SUITE 650
4900  SEMINARY ROAD
ALEXANDRIA, VA 22311
—————
7  3-931-5500
FAX  703-620-0630
—————
SUITE 1002
ONE  CENTRAL PLAZA
11300  ROCKVILLE PIKE
ROCK  LLE, MD 20852
—————
3  770-3737
FAX  301-881-6132
—————
SUITE 391
METR  400 BUILDING
301 GARDEN CITY DRIVE
LAND  VER, MD 20785
—————
30  459-8400
FAX  301-459-1364
—————
SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202
—————
4  0-539-1122
FAX  410-547-1261

1

injuries from physicians and medical providers practicing in the District of Columbia.

2.     Pfizer, Inc. is a New York corporation, authorized to do and doing business in the District of Columbia, with offices located at 325 7th St NW # 1200, Washington, D.C. 20004 and may be served with process of this Court, in accordance with Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service of process, CT Corporation System, 1015 15th Street, N.W., Suite 1000, Washington, D.C. 20005.

## JURISDICTION AND VENUE

3.     This Honorable Court has subject matter jurisdiction, pursuant to 28 U.S.C.§ 1332, as the amount in controversy exceeds $75,000 exclusive of interest and costs and because this action is brought by an individual who is a citizen of a state other than the Defendant.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391. Plaintiff was diagnosed with NAION in the District of Columbia and subsequently has continued to receive medical treatment in the District of Columbia. At all relevant times herein, Pfizer, Inc. was in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, Viagra. At all times relevant hereto, Pfizer, Inc., designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold in interstate commerce and District of Columbia the aforementioned prescription drug. Pfizer, Inc. does substantial business in the District of Columbia and within this Federal District, advertised in this district, received substantial compensation and profits from sales of Viagra in this district, and made material omissions and misrepresentations and breaches of warranties in this district.

5.     The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C.

LAW OFFICES
ACRAN & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

2

§1331 in that it arises under the laws of the United States.

6.    Jurisdiction over the Defendant is proper under the United States Constitution as well as

under D.C. Code Ann. §13-334(a) (2001).

7.    In addition, jurisdiction and venue are proper under D.C. Code Ann. §13-423 (a) (2001).

## FACTUAL ALLEGATIONS

### General Pfizer Allegations

8.    Pfizer, Inc., was in the business of designing, manufacturing, marketing, developing,

testing, labeling, promoting, distributing, warranting and selling its product, Viagra.

Pfizer, Inc., at all times relevant hereto, designed, developed, manufactured, promoted,

marketed, distributed, tested, warranted and sold Viagra in the United States, and in the

District of Columbia.

9.    Viagra is the trade name for the prescription drug Sildenafil, which was designed,

formulated, patented, marketed, sold, tested, warranted, and ultimately distributed by the

Defendant as Viagra.  Viagra is among a class of drugs also known as "PDE-5

inhibitors."

10.   Pfizer, Inc., failed to warn consumers such as the Plaintiff of the potential side effects of

Viagra.  One such side effect is non-arteritic anterior ischemic optic neuropathy

(NAION), which results from a drop in blood pressure, which restricts the flow of

oxygenated blood to the optic nerve, causing irreversible vision loss and blindness.

11.   Viagra was approved by the Food and Drug Administration on May 27, 1998, for the

treatment of erectile dysfunction in men.  Concerns regarding the safety profile of Viagra

led Public Citizen (a consumer advocacy group) to request stronger warning labels for

LAW OFFICES
ACHRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

3

Viagra the very same year.[1]  However, by 2004, Viagra had reached $1.68 billion in sales.

12.     NAION is a pathologic condition triggered by blockage of blood flow to the eye that is sudden but painless in onset and frequently leads to permanent blindness, usually in one eye.  The exact causes are unknown, but it often appears upon first awakening and thus has been hypothesized to be precipitated by hypotension occurring during sleep, mainly in people over the age of 50.

13.     NAION first came to public attention on May 27, 2005, when the FDA announced that it was in discussions with Pfizer to update its Viagra label to mention loss of vision. The FDA announcement was apparently triggered by an article published in a peer reviewed journal in the March 2005 that described seven new cases of NAION apparently linked to the use of Viagra.  Although this article produced the first major public focus on the relation of Viagra to this disease, there have been 19 cases in the medical literature implicating the PDE5 inhibitors beginning in 2000.

14.     The first cases suggesting a concern regarding NAION risks associated with Viagra were reported in the medical literature in March 2000 in the well known Archives of Ophthalmology .  This was followed by other articles in prestigious peer reviewed journals.

15.     After media coverage of the FDA announcement, Senator Charles Grassley became concerned about the lack of any substantive action by FDA and began his own

LAW OFFICES
(CRAFT & GEREL, LLP
SUITE 400
2000  STREET, N.W.
WASHINGTON, D.C. 22036
20 783-6400
FAX 202-416-6392

SUITE 650
4900  MINARY ROAD
ALEXANDRIA, VA 22311
703 931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301 770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785
301 459-8400
FAX 301 459-1364

SUITE 1212
EAST HALT MORE STREET
BALTIMORE, MD 21202
410 539-4122
FAX 410 547-1261

_____

[1]  Letter to FDA from Public Citizen. August 20, 1998. Available at http://www.citizen.org/publications/release.cfm?ID=6649 Accessed 10/15/05.

4

investigation.[2] Grassley's staff interviewed the safety evaluator from the FDA Office of Drug Safety (ODS), who had produced the original analysis of NAION in Viagra users. By monitoring adverse event reports submitted to the FDA, the safety evaluator had concluded, as early as January 2004, that NAION was an important safety issue for Viagra users. Her review had been sufficient to convince the deputy director of the Division of Anti-inflammatory, Analgesic, and Ophthalmic Drug Products that the potential for NAION should be added to the Viagra label. The NAION report was finalized in April 2004 and sent to the Office of New Drugs (OND), the final arbiter of label changes. Nevertheless, it wasn't until July 8, 2005, 13 months after the Office of New Drugs received documents from the safety evaluator, that the FDA finally published safety alerts for patients and healthcare professionals on its web site.[3]

16.    As part of these alerts, on July 8, 2005 the FDA made the following recommendation to physicians:

- *advise patients to stop use of all PDE-5 inhibitors and seek medical attention in the event of a sudden loss of vision in one or both eyes. Such an event may be a sign of non-arteritic anterior ischemic optic neuropathy (NAION), a cause of decreased vision, which can result in permanent loss of vision.*
- *discuss with patients the increased risk of NAION in individuals who have already experienced NAION in one eye, including whether such individuals could be adversely affected by use of vasodilators such as PDE-5 inhibitors.[4]*

L~W OFFICES
HCRA~ T & GEREL, LLP
SUITE 400
200C ~ STREET, N.W.
~ASH~ ~TON, D.C. 20036
2 2-783-6400
FAX 202-416-6392
SUITE 650
490C SEMINARY ROAD
ALEXANDRIA, VA 22311
7 3-931-5500
FAX 703-820-0630
SUITE 1002
ONE CENTRAL PLAZA
1130C ROCKVILLE PIKE
ROCK~ ~LLE, MD 20852
3 11-770-3737
FAX 301-881-6132
SUITE 301
METRO 400 BUILDING
301 G~RDEN CITY DRIVE
LANDOVER, MD 20785
301-459-8400
FAX 301-459-1366
SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122
FAX 410-547-1261

2
Grassley C. Letter to FDA. June 24, 2005. Available at http://www.fdaweb.com/source/GrassleytoCrawford62405.doc Accessed 10/15/2005.

3
FDA Alert on Viagra. July 2005. http://www.fda.gov/cder/consumerinfo/viagra/viagra.htm Accessed 10/15/05.

4
FDA Alert on Viagra. July 2005. http://www.fda.gov/cder/consumerinfo/viagra/viagra.htm Accessed 10/15/05.

5

19. There is no mention of NAION in the Precautions and Adverse Reactions sections of the professional label for Viagra. However, the wording is ambiguous and the location of this information is buried: under Information for Patients in the Precautions section (information that usually is not given to patients), there is one untitled paragraph. In the Adverse Reactions section under Post-marketing Experience, one of several paragraphs discusses NAION. In the case of Viagra, NAION is discussed in one of two paragraphs under Adverse Reactions subheaded "Special Senses" which gives no indication as to what is discussed.

20. Emphasis in the label is on the word "rarely", downplaying the importance of NAION and is coupled with the caveat that, "It is not possible to determine whether these events are related directly to the use of PDE-5 inhibitors, to the patient's underlying vascular risk factors or anatomical defects, to a combination of these factors, or to other factors". It is probably true that many factors are involved, but one factor is clearly the drug.

21. The current label has a paragraph titled "Effects of VIAGRA on Vision" which includes no reference to NAION.

22. According the the FDA's data analysis there were 38 cases of iscehmic optic neuropathy reported in association with Viagra as of May 18, 2005.[5] By the end of 2002 twenty two cases suggesting a possible association between Viagra and NAION had been reported to the FDA's Adverse Event Reporting System.[6] The Defendant was or should have been

LAW OFFICES
HCRAFT & GEREL, LLP

SUITE 400
2000    STREET, N.W.
WASHINGTON, D.C. 20035

202-783-6400
FAX  202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX  703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX  301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX  301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX  410-547-1261

---

5

http://www.fda.gov/cder/drug/InfoSheets/HCP/sildenafilHCP.htm Accessed 12/11/05.

[6]*Id.*

6

aware of these cases prior to the Plaintiff's ingestion of Viagra.

23. Despite the combination of FDA case reports, journal articles and other research material available to the Defendant prior to 2003, it did not warn the Plaintiff of the risks associated with its drug Viagra at any time.

24. Plaintiff did not learn of a possible link between his ingestion of Viagra and the NAION that he suffered until well after July 8, 2005, the date the FDA warning was issued.

25. As a result of ingesting Viagra on or about April 2003, Plaintiff suffered what was diagnosed as non-arteritic anterior ischemic optic neuropathy (NAION).

26. This was well after the Defendant had been put on notice of the possible association between ingestion of Viagra and NAION.

27. Defendant knowingly failed to advise users of its drug Viagra regarding the dangerous side effect of NAION despite becoming aware of this association as early as 1998.

28. At all times relevant herein, Plaintiff was unaware of the serious side effects and dangerous properties of the drug as set forth herein.

29. Defendant materially breached its obligations to consumers, such as the plaintiffs, including, but not limited to, its design, testing, the manufacture, design, warning, marketing, warranting, and sale of Viagra.

30. Defendant expressly and/or impliedly warranted to the market, including the Plaintiff, by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that Viagra was safe, effective, fit and proper for its intended use.

LAW OFFICES
CRAFT & GEREL, LLP

SUITE 400
2000  STREET, N.W.
WASHINGTON, D.C. 20036

2  783-6400
FAX  202-416-6392

SUITE 650
4900  FMINARY ROAD
ALEXANDRIA, VA 22311

7  931-5500
FAX  103-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

3  770-3737
FAX  301-881-6132

SUITE 301
METRO 400 BUILDING
101 GARDEN CITY DRIVE
LANDOVER, MD 20785

30  455-8400
FAX  301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

41  539-1122
FAX  410-547-1261

7

31. Defendant was aware of the substantial risks from taking Viagra but failed to fully disclose same.

32. Defendant failed to meet the applicable standards of care which were intended for the benefit of individual consumers such as the Plaintiff, making the Defendant liable for the Plaintiff's injuries.

### General Allegations Concerning Plaintiffs and Their Damages

33. On or about April 2003, Mr. Cassara purchased and ingested Viagra.

34. With no contributory negligence on his part, Mr. Cassara ingested Viagra, a pharmaceutical product designed, manufactured, promoted, distributed and sold by Pfizer.

35. On or about April 2003, as a direct, proximate and legal result of the negligence, carelessness, and other wrongdoing of Pfizer, as described herein, Mr. Cassara was treated for vision problems and was diagnosed with NAION at Georgetwon University Hospital on April 10, 2003. He has received continuing treatment for his serious and permanent injuries from physicians and medical providers practicing in the District of Columbia.

36. As a direct, proximate and legal result of the negligence, carelessness, and other wrongdoing of Pfizer, as described herein, Mr. Cassara has sustained permanent and devastating injuries, including but not limited to, NAION. All of said injuries have caused and will continue in the future to cause Mr. Cassara extensive anxiety, distress, fear, pain, suffering, and depression, and have substantially reduced Mr. Cassara's ability to enjoy life.

37. As a direct, proximate and legal result of the negligence, carelessness, and other

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
301 CAMDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

wrongdoing of Pfizer, as described herein, Mr. Cassara has required reasonable and necessary health care, attention and services, and has incurred medical, incidental, and service expenses thereupon. Mr. Cassara alleges, on information and belief, that he will in the future be required to obtain medical and/or hospital care, attention, and services, as a direct, proximate and legal result of the negligence, carelessness, and other wrongdoing of Pfizer, as described herein.

38. As a direct, proximate and legal result of the negligence, carelessness, and other wrongdoing of Pfizer, as described herein, Mrs. Cassara has suffered loss of consortium, loss of spousal services, society and companionship.

## CAUSES OF ACTION

## I. FRAUDULENT CONCEALMENT

39. Plaintiffs adopt and re-allege Paragraphs 1-38 above as if fully set forth herein.

40. Any applicable statute of limitations have been tolled by the knowing and active concealment and denial of materials facts known by Defendant when it had a duty to disclose those facts. Defendant has kept Plaintiffs ignorant of vital information essential to their pursuit of these claims, without any fault or lack of diligence on the Plaintiffs' part, for the purpose of obtaining delay on Plaintiffs' part in filing a complaint on their causes of action. Plaintiffs could not reasonably have discovered these claims until shortly before filing this complaint.

41. The Defendant is and was under a continuing duty to disclose the true character, quality and nature of the drug Viagra ingested by Plaintiff, but it instead concealed them. As a result Defendant is estopped from relying on any statute of limitations defense.

9

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

## II.  BREACH OF EXPRESS WARRANTY

42.   Plaintiffs adopt and re-allege Paragraphs 1-41 above as if fully set forth herein.

43.   Pfizer expressly warranted to the public and to the Plaintiff and his physicans  that Viagra was effective and safe when, in fact the product was not safe or effective for all foreseeable uses.  Pfizer knew or should have known of its potentially harmful side effects.

44.   Plaintiff and his physicians reasonably relied to their detriment, upon the skill and judgment of Defendant, and upon said express warranties, in prescribing and ingesting said drug.

45.   As a direct and proximate result of the breach of said express warranties, Plaintiffs were caused to suffer the damages and injuries as herein alleged.

## III.  BREACH OF IMPLIED WARRANTY

46.   Plaintiffs adopt and re-allege Paragraphs 1-45 above as if fully set forth herein.

47.   Defendants are "merchants" or "sellers" who sold goods of this kind to Plaintiffs.

48.   The "goods," i.e., Viagra, was not merchantable or fit for its particular purposes at the time of the sale because Defendant impliedly warranted to medical professionals and Plaintiffs that the product was effective and safe for its intended use.

49.   The injuries and damages complained of herein were caused proximately and in fact by the defective nature of the goods.

50.   Defendant has been provided notice of Plaintiffs' injuries by virtue of published scientific reports and adverse events reported to the United States Food and Drug Administration.

51.   As a direct and proximate result of the breach of said implied warranties, Plaintiffs were

LAW OFFICES
SCHRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX  202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

03-931-5500
FAX  703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

01-770-3737
FAX  301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX  301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX  410-547-1261

10

caused to suffer the damages and injuries as herein alleged.

## IV. NEGLIGENCE

52.    Plaintiffs adopt and re-allege Paragraphs 1-51 above as if fully set forth herein.

53.    At all times material hereto, Defendant had a duty to Plaintiffs and other consumers of the

drug Viagra to exercise reasonable care in order to properly design, manufacture,

produce, test, study, inspect, mix, label, market, advertise, sell, promote, and distribute

these products.  This includes a duty to warn of side effects, and to warn of the risks,

dangers, and adverse events associated with Viagra.

54.    Independent of the foregoing, Defendant, PFIZER, INC., is liable to Plaintiffs, in that the

damages sought by Plaintiffs arose from a reasonably anticipated use of Viagra in the

following non-exclusive particulars:

1.    Failure to exercise reasonable care in the designing, developing, manufacturing,

marketing, distributing, testing, warranting, and/or selling Viagra;

2.    Designing, developing, manufacturing, marketing, distributing, testing,

warranting, and/or selling a product that it knew, or should have known, carried

the risk of seriously debilitating and/or life-threatening side effects;

3.    Failure to adequately test Viagra prior to placing the medication on the market;

4.    Failure to use care in designing, developing, manufacturing, marketing,

distributing, testing, warranting, and/or selling Viagra so as to avoid posing

unnecessary health risks to users of such products;

5.    Failure to conduct adequate pre-clinical and clinical testing and post-marketing

surveillance to determine the safety of Viagra;

11

LAW OFFICES
MICRAET & GEREL, LLP

SUITE 400
200X STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCK ILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 610-547-1261

6.     Failure to advise the consumers, such as Plaintiffs, that consumption of the medication could result in severe and disabling side effects, including but not limited to non-arteritic anterior ischemic optic neuropathy (NAION);

7.     Failure to advise the medical and scientific communities of the potential for severe and disabling side effects, including but not limited to non-anterior ischemic optic neuropathy (NAION);

8.     Failure to provide timely and/or adequate warnings about the potential health risks associated with use of Viagra;

9.     The unreasonably dangerous characteristics of Viagra existed at the time it left the control of the manufacturers;

10.    Failure to take immediate and direct measures to ensure that consumers and users of Viagra, such as Plaintiffs, were notified, or that health care providers who prescribed this medication were notified, of such risks;

11.    Failure to proper and adequately test Viagra to determine the potential adverse health effects.

12.    Any and all other acts of negligence with respect to Viagra which may be shown at trial.

55.   The aforementioned acts and/or omissions committed by Defendant proximately caused Plaintiff to suffer non-arteritic ischemic optic neuropathy (NAION), and related injuries.

56.   Defendant widely advertised and promoted Viagra as a safe and effective medication.

57.   Defendant had a duty to disclose material information to consumers such as the Plaintiff about serious disabling and life-threatening side effects.  Additionally, by virtue of

12

LAW OFFICES
HCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
EAST PALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

defendant's partial disclosures about the medication wherein defendant touted its medications as safe and effective treatment, defendant had a duty to disclose all facts about the risks of use associated with the medication, including the potential for the medication to cause non-arteritic anterior ischemic optic neuropathy (NAION). Defendant intentionally failed to disclose this information for the purpose of inducing consumers, such as the Plaintiffs, to purchase its dangerous product.

58. In addition, Defendant had a legal duty to comply with the U.S. Food, Drug and Cosmetic Act, U.S. Code § 21 USC §301, et seq., and regulations promulgated thereunder.

59. Defendant negligently and carelessly violated the laws and regulations of the United States including, but not limited to the following : 21 CFR §330.10(a)(4)(v) (Labeling); 21 CFR § 369.10 (Labeling); 21 CFR §§ 201.56 and 201.57 (d), (e) and (f) (Labeling); 21 CFR 1.21 (a) (Labeling); 21 CFR 600.80 (Postmarketing reporting of Adverse experiences); 21 CFR §314. 50 (Post Marketing Reports of Adverse Drug Experiences), as well as regulations relating to the promotion of drugs for unlabeled uses. The violations of those and other statutes and regulations constitute negligence per se.

60. Had Plaintiff been aware of the hazards associated with use of Viagra, he would not have consumed this medication, which proximately caused his injuries.

61. In its advertisements, defendant made material misrepresentations about Viagra to the effect that is was a safe and effective treatment, which misrepresentations defendant knew to be false, for the purpose of fraudulently inducing consumers, such as Plaintiff, to purchase Viagra. Plaintiff relied upon these material misrepresentations in deciding to

LAW OFFICES
ICRA T & GEREL, LLP
SUITE 400
2000 . STREET, N.W.
ASHI G TON, D C. 20036

2 2-783-6400
FAX 202-416-6392

SUITE 650
4900 EMINARY ROAD
ALEX NDRIA, VA 22311

7 3-931-5500
FAX 703-820-0630

SUITE 1002
ONE ENTRAL PLAZA
1130C ROCKVILLE PIKE
ROCK LLE, MD 20852

3 1-770-3737
FAX 301-881-6132

SUITE 301
METR 400 BUILDING
301 G RDEN CITY DRIVE
LAND VER, MD 20785

3 1-459-8400
FAX 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BAL T MORE, MD 21202

4 0-539-1122
FAX 410-547-1261

13

purchase and consume Viagra.

62. As a direct and proximate result of the Defendant's negligence, Plaintiffs were caused to suffer the damages and injuries as herein alleged.

### V. STRICT LIABILITY: DESIGN DEFECT - Restatement of Torts § 402 A

63. Plaintiffs adopt and re-allege paragraphs 1-62 as if fully set forth herein.

64. Defendant manufacturer and/or supplied the drug Viagra described herein, and at all materials times was in the business of doing so. Defendant placed the drug into the stream of commerce. Viagra was expected to and did reach Plaintiff without a substantial change in its condition. Mr. Cassara was a person who could reasonably be expected to consume the product, and did in fact ingest Viagra.

65. At the time the Viagra in question left Defendant's hands, the drug was defective, in a condition not contemplated by Plaintiff, and was unreasonably dangerous to him.

66. The drug Viagra was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchased it. It was more dangerous than the Plaintiff contemplated.

67. The risk of the drug Viagra outweighs its utility.

68. At the time of manufacture, the likelihood the product would cause the Plaintiffs' harm or similar harms, and the seriousness of those harms, outweighed Defendant's burden to design a product that would have prevented those harms.

69. There were practicable and feasible alternatives to the defendant's drug Viagra.

70. As a direct and proximate result of defendant's conduct, Plaintiffs suffered the injuries and damages herein.

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX  202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX  703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX  301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX  301-459-1364

SUITE 212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX  410-547-1261

14

## VI.  STRICT LIABILITY: FAILURE TO WARN

71.  Plaintiffs adopt and re-allege paragraphs 1-70 as if fully set forth herein.

72.  Defendant manufactured and/or supplied the Viagra described herein, and at all material times was in the business of doing so.  Defendant placed this drug into the stream of commerce.  The drug was expected to, and did, reach Plaintiff without substantial change in its condition.  Plaintiff ingested the Viagra.

73.  When defendant placed Viagra into the stream of commerce, it failed to accompany it with adequate warnings.  Defendant failed to warn of the true risks and dangers and of the symptoms, scope and severity of the potential side effects of the Viarga ingested by Plaintiff.  These risks, dangers, and side effects include, but are not limited to non-arteritic anterior ischemic optic neuropathy (NAION);

74.  Due to the inadequate warnings as alleged herein, at the time the Viagra left the defendant's hands, this drug was in a condition not contemplated by Plaintiff, and was unreasonably dangerous to him.  It was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchased it.

75.  The risks posed by the ingestion of Viagra outweighed its utility.  At the time of manufacture, the likelihood the product would cause the Plaintiffs harm or similar harms, and the seriousness of those harms outweighed defendant's burden to design a product that would have prevented those harms.

76.  Through its actions and omissions in advertising, promoting, reporting to the FDA, labeling, and otherwise, Defendant made public misrepresentations of material facts to, and/or concealed material facts from consumers like Mr. Cassara, concerning the

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W
WASHINGTON, D.C. 20036
202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785
301-459-8400
FAX 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122
FAX 410-547-1251

15

character, safety, and effectiveness of Viagra.

77.   Those public misrepresentations and omissions include, but are not limited to those set forth in the general allegations section of this Complaint.  Those false representations and omissions include but are not limited to the following :

> (A)    Defendant failed to disclose that sufficient pre-clinical and clinical testing and adequate post-marketing surveillance to determine the safety and side effects of Viagra had not been done;

> (B)    Defendant failed to include adequate warnings with Viagra about the potential and actual risks and the nature, scope, severity, and duration of any serious side-effects of Viagra, including without limitation, the risk of NAION.

78.   Defendant was obligated to disclose the foregoing risks, but failed to adequately and timely do so even after it was in possession of information concerning those risks. Defendant's representations that Viagra was safe for its intended use were false, since the Viagra was, in fact, dangerous to the health of Mr Cassara when used as indicated, and there were alternative products and methods available that were as effective and posed less risk.

79.   In the alternative, Defendant failed to exercise reasonable care in ascertaining the accuracy of the information regarding the safe use of Viagra, and failed to disclose facts indicating that the Viagra caused NAION, and Defendant otherwise failed to exercise reasonable care in communicating the information concerning Viagra to Mr. Cassara, and/or concealed facts which were known to Defendant.

80.   Mr. Cassara was not aware of the falsity of Defendant's representations regarding

LAW OFFICES
HCRA T & GEREL, LLP
SUITE 400
200C L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-459-8400

SUITE 301
METRO 400 BUILDING
3003 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

16

Viagra's safety, nor was he aware that material facts concerning Viagra had been concealed or omitted. In reliance upon Defendant's misrepresentations, Mr. Cassara was induced to and did purchase and ingest Viagra. If Mr. Cassara had known the true facts concerning the risks of the use of this drug, in particular the risk of NAION, he would not have taken this drug.

81. Had Defendant provided adequate warning and instructions, Plaintiff would not have ingested this drug, and would not have suffered the serious and permanent personal injuries he did.

82. As a direct and proximate result of the defendant's conduct, Plaintiffs suffered the injuries and damages specified herein.

## VII. VIOLATION OF D.C. UNLAWFUL TRADE PRACTICES ACT

83. Plaintiffs adopt and re-allege paragraphs 1-82 as if fully set forth herein.

84. Defendant Pfizer is, and at all times herein mentioned, was engaged in the business of the sale of consumer goods, including Viagra.

85. The aforesaid unfair and deceptive acts were done in violation of the following subsections of District of Columbia Unlawful Trade Practices Act, D.C., Code §28-3904:

  (d) misrepresentation that the drug products were of a particular quality;

  (e) misrepresentation as to material facts which have the tendency to mislead;

  (f) failure to state material facts which failure tends to mislead;

  (w) offered for sale or distributed drug products in a condition which was inconsistent with that warranted by operation or requirement of federal law.

86. As a direct and proximate result of such unfair and deceptive trade practices, Plaintiffs

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

17

have suffered the aforesaid injuries and damages.

87.  Under said Act, Plaintiffs are entitled to treble damages or, in the alternative, punitive damages and reasonable attorney's fees, and any other relief which this court deems proper.

## VIII.  LOSS OF CONSORTIUM

88.  Plaintiff's spouse Marilyn Lance Cassara, adopts and re-alleges paragraphs 1-87.

89.  As a direct and proximate result of such Defendant's conduct, Marilyn Lance Cassara has suffered loss of spousal services, society and companionship.

90.  Marilyn Lance Cassara should be awarded monetary damages for her loss of spousal services, society and companionship.

## IX.  PUNITIVE DAMAGES

91.  Plaintiffs adopt and re-allege Paragraphs 1-90 above as if fully set forth herein.

92.  Defendant acted with actual malice and/or gross negligence constituting a willful, wanton or reckless disregard of the safety and well being of the Plaintiffs and the general public in connection with the designing, developing, manufacturing, marketing, distributing, testing, warranting, and/or selling of Viagra such that the imposition of punitive damages in an amount sufficient to deter the Defendant from such willful, wanton and intentional misconduct in the future is appropriate.

## X. DAMAGES

93.  Plaintiffs adopt and re-allege Paragraphs 1-91 above as if fully set forth herein.

94.  WHEREFORE, Plaintiffs seek judgement in their favor against the defendant, as follows:

  a)  Severe and permanent physical and medical injuries and associated

LAW OFFICES
HCRA T & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

212-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

18

disabilities;

b)      Severe past and future pain and suffering and mental anguish occasioned

by the resulting injuries and disabilities;

c)      Loss of enjoyment of life;

d)      Increased risk of health problems;

e)      Loss of past and future economic losses and income;

f)      Past and future medical, rehabilitation, and life care expenses;

g)      Past and future medical monitoring;

h)      Past and future medical expenses;

i)      Any and all other damages to be shown at trial.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray for judgment

against Defendant Pfizer, Inc., on grounds set forth in Counts I through X, in the amount of

Twenty Million Dollars ($20,000,000.00) in compensatory damages, and Twenty Million Dollars

($20,000,000.00) in punitive damages, plus costs and attorney's fees, and for such other and

further damages and relief as this Court may deem appropriate.

Respectfully submitted,

Michelle A. Parfitt, Esq. #358592
H. Vincent McKnight, Esq. #293811
Ashcraft & Gerel, LLP
2000 L Street, N. W.
Suite 400
Washington, D. C.  20036
202/783-6400 (Office)
202/416-6392 (Facsimile)
ATTORNEY FOR PLAINTIFFS

LAW OFFICES
HCRAFT & GEREL, LLP

SUITE 400
2000  STREET, N.W.
WASHINGTON, D.C. 20036

2 2-783-6400
FAX  202-416-6392

SUITE 650
4900  EMINARY ROAD
ALEXA DRIA, VA 22311

7 3-931-5500
FAX  703-820-0630

SUITE 1002
ONE  ENTRAL PLAZA
11300  ROCKVILLE PIKE
ROCKVILLE, MD 20852

3  -770-3737
FAX  301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

30 -459-8400
FAX  301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

4 0-529-1122
FAX  410-547-1261

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PHILLIP CASSARA AND )
MARILYN LANCE CASSARA, )
husband and wife, )        NO._____
          PLAINTIFFS, )
                 )        **COMPLAINT FOR PERSONAL**
V. )        **INJURIES AND DAMAGES**
                 )
PFIZER, INC. )
c/o CT Corporation System )
1015 15th Street, N.W., Suite 1000 )
Washington, DC 20005 )
          DEFENDANT. )

## JURY DEMAND

    COME NOW PLAINTIFFS, by and through the undersigned counsel, and request a jury

trial in the instant action.

                        Respectfully submitted,

                        _____
                        Michelle A. Parfitt, Esq. #358592
                        H. Vincent McKnight, Esq. #293811
                        Ashcraft & Gerel, LLP
                        2000 L Street, N. W.
                        Suite 400
                        Washington, D. C.  20036
                        202/783-6400 (Office)
                        202/416-6392 (Facsimile)
                        ATTORNEY FOR PLAINTIFFS

LAW OFFICES
HCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261